IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARQUETTE DONDRE WISEMAN

    Movant-Defendant,

vs.                                  **CIVIL NO. 01-308 JP/DJS**
                                  Criminal No.99-687 JP

**UNITED STATES OF AMERICA,**

    Respondent-Plaintiff.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant brings this challenge to his sentence imposed after a jury verdict. Movant was charged in a two count indictment with conspiracy to possess with intent to distribute more than 100 kilograms of marijuana and possession with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §846, 21 U.S.C. §841(a)(1), (b)(1)(B) and 18 U.S.C. §2. Subsequent to the guilty finding by the jury, Movant was sentenced to a term of confinement of

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1

seventy-eight (78) months, which he is serving at the Federal Correctional Institute, La Tuna. The conviction was affirmed on direct appeal, reported in an unpublished opinion. United States v. Marquette Dondre Wiseman, 232 F.3d 903, 2000 WL 1616089 (10th Cir. 2000).

2. According to the trial transcript, Movant was the driver of a tractor trailer at the time it was stopped for inspection by the Border Patrol at its check point near Oro Grande, New Mexico. At the checkpoint a Border Patrol Agent ultimately discovered approximately 1374 pounds of marijuana, some of which was secreted in the trailer, and some in the sleeper compartment of the tractor. The investigation by the Border Patrol led to the discovery of a passenger in the tractor, who was hidden from view by a curtain. The passenger, Juan Rendon-Matron, was in the sleeper compartment of the tractor where part of the marijuana was found.[2] Prior to this discovery, Movant had told the investigating agent that he was alone. Subsequently, Movant related to investigators that he had helped load the contraband onto the truck and still later stated that the marijuana belonged to Rendon. According to the Movant he was transporting it to Amarillo, Texas for Rendon, and was to receive fifty (50) dollars a pound for his role in the scheme.

In his trial testimony Movant denied knowledge of any of the marijuana, in direct contradiction of his admission to the Border Patrol. Instead, he offered a convoluted explanation of his conduct which placed the responsibility for the marijuana on Rendon. It is clear from the juryh verdict that Movant's testimony was a fabrication, unworthy of belief.[3]

---

[2]Rendon plead guilty, but did not testify at the Movant's trial. In a statement given to probation and recorded in its report, Rendon asserted that he was only aware of the marijuana found in the sleeper compartment, some 700 to 800 pounds. He stated that he did not participate with Movant in the loading of the tractor of the remaining marijuana.

[3]The pre-sentence report, prepared after Movant's conviction, recommended a two level increase in the offense level computation based on his testimony. That recommendation relied on 3C1.1, Application Note (1) and (3)(b) of the Sentencing Guidelines which permits an

3. Movant seeks relief from his sentence based on his allegations that his counsel was ineffective. Specifically, he contends that his trial counsel failed him because he was not told of a plea offer made before trial which, if accepted, would have substantially reduced his sentence. He further alleges that counsel also failed to inform him of the strength of the government's case and of the sentencing possibilities that might obtain upon conviction. In addition, Movant challenges the performance of his sentencing counsel on the grounds that he was not informed of a plea offer allegedly made after his trial and conviction by the jury. Sentencing counsel is also faulted for not arguing to the Court that he was a "minimal" participant within the meaning of the sentencing guidelines and because she failed to seek a downward departure based on Movant's residence in an economically depressed area.

4. To prevail on these claims, Movant must demonstrate that counsel's performance "fell below an objective standard of reasonableness," and that the deficient performance was so prejudicial there is a reasonable probability that, but for those unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688 (1984). With respect to the first part of the Strickland test, effective assistance of counsel includes counsel's informed opinion as to what pleas should be entered. Boria v. Keane, 83 F.3d 48, 53 (2d Cir.1996). As for the prejudice prong, there must be a reasonable probability that, but for incompetent counsel, a defendant would have accepted the plea offer and pleaded guilty. Hill v. Lockhart, 474 U.S. 52,

---

increase for wilful obstruction of the administration of justice. The recommended increase was adopted by the Trial Court.

3

59 (1985).[4]

5. An evidentiary hearing was held in this matter because accepting the Movant's factual allegations as true, he would have been entitled to the relief sought. See, United States v. Blaycock, 20 F.3d 1458 (9th Cir. 1994). The evidentiary hearing was, however, the undoing of Movant's quest for relief. Movant alleges in his motion that his trial counsel failed to inform him of a plea agreement that would have made him eligible for a sentence of approximately three years, a most favorable sentence when compared to the seventy-eight months of the actual sentence imposed. Movant testified in conformity with that allegation at the hearing. However, his wife testified that Movant had told her prior to trial that he had been offered a plea arrangement which would result in a sentence of 24-36 months. (Tr., December 19, 2001 Evidentiary Hearing, pp.22-23, 27-28). In addition, trial counsel testified that she had informed Movant of the plea offer given by the prosecution, discussed the sentencing possibilities he faced, and urged Movant to take the offer made. Counsel also told Movant the difficulties presented by his case which, of course, included his admission to the arresting agents. (Tr., December 19, 2001 Evidentiary Hearing, pp. 52-63). Having observed the demeanor of the witnesses, reviewed the record and considered the experience of trial counsel, it is the conclusion of this Court that Movant's allegations with respect to this part of his claim are not worthy of belief. In such circumstances Movant cannot show that counsel's performance fell below the standard announced in Strickland, *supra*. Nor can Movant successfully argue that but for incompetent counsel he would have pleaded guilty. Hill, *supra*.

---

[4]Movant's motion fails on this point alone. Throughout the proceedings he maintained his innocence and insisted on a trial. Thus he cannot show that he would have pleaded guilty even if his allegations were accepted as true.

6. Subsequent to trial, new counsel was appointed to represent Movant. According to Movant this representation was deficient because counsel failed to argue to the sentencing Court that he was a minimal rather than a minor participant in the offense. In light of the facts presented to the Court at trial, such a proposal is ludicrous. Movant was driving a truck laden with approximately thirteen hundred pounds of marijuana, some of which was secreted within arm's reach and which had a value of over a million dollars. In addition, Movant was to receive some sixty-eight thousand dollars for his role in the transport of the contraband. Counsel's failure to assert a meritless argument is not ineffective assistance of counsel. See United States v. Dixon, 1 F.3d 1080, 1083 n.5(10th Cir.1993); Martin v. Kaiser, 907 F.2d 931 (10th Cir. 1990).

7. Movant also faults his sentencing counsel for not communicating an after trial plea offer. Movant alleges that *after* his jury trial the prosecuting attorney offered a plea that would have meant a much lower sentence if accepted. This claim is refuted by the affidavit provided by his counsel that relates that no such offer was made. Moreover, the Assistant United States Attorney whom Movant alleges to have made the offer denied any such action in his testimony at the evidentiary hearing. (Tr., December 19, 2001 Evidentiary Hearing, pp. 13-15). While Movant and his wife insist that such a plea offer was made, their testimony has no support and defies common sense. In short it is not believable by any standard of measurement. This Court must judge the credibility of the witnesses presented and having done so finds the Movant and his wife wanting in that regard.

8. Lastly, Movant alleges that sentencing counsel failed in her performance because she did not argue that he was entitled to a downward departure based on his residence in an economically depressed area, apparently relying on United States v. Jones, 158 F.3d 492 (10th Cir.1998). Movant does not offer any factual allegations that would entitle him to relief. He asserts only conclusions,

wholly unsupported. Such averments will not support the relief he seeks. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991).

**RECOMMENDED DISPOSITION:**

That the Petition be dismissed with prejudice.

DON J. SVET
UNITED STATES MAGISTRATE JUDGE